Peter M. Kellett (admitted *pro hac vice*)
pkellett@dykema.com
**DYKEMA GOSSETT**
400 Renaissance Center, Suite 2300
Detroit, MI 48243-1668
Telephone: (313) 568-6800
Facsimile: (313) 568-6658

Paul L. Nystrom (admitted *pro hac vice*)
pnystrom@dykema.com
**DYKEMA GOSSETT**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0700
Facsimile: (248) 203-0763

J. KEVIN SNYDER, SBN 107509
ksnyder@dykema.com
DAWN N. WILLIAMS, SBN 267925
dwilliams@dykema.com
**DYKEMA GOSSETT**
333 S. Grand Ave., Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1805

Attorneys for Defendants HARLEY-DAVIDSON, INC.,
HARLEY-DAVIDSON MOTOR COMPANY, INC., and
HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| PHILLIP JOHNSON, JIMMY ALDRIDGE, RANDY VANDERMOLEN, and MATTHEW WEYUKER, individually and on behalf of all others similarly situated, | Case No. 2:10-CV-02443-JAM-EFB |
|---|---|
| | Honorable John A. Mendez |
| Plaintiffs, | |
| vs. | **CONFIDENTIALITY ORDER PURSUANT TO STIPULATION OF THE PARTIES** |
| HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, HARLEY-DAVIDSON, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS: (WISCONSIN) HARLEY-DAVIDSON, INC., HARLEY-DAVIDSON MOTOR COMPANY, INC., and DOES 1-50, | |
| Defendants. | |

PDF created with pdfFactory trial version www.pdffactory.com

It is hereby ordered:

## DEFINITIONS

**PLAINTIFFS**:  This term shall mean the Plaintiffs in the above-captioned matter, who are Phillip Johnson, Jimmy Aldridge, Randy Vandermolen and Matthew Weyuker.

**PLAINTIFFS' COUNSEL**:  This term shall mean the attorneys of record for the party Plaintiffs in the above-captioned matter.  In the event that the attorneys of record are members of a firm, this phrase shall include any and all other lawyers, legal assistants, and staff who are members of, or associated with, Plaintiffs' Counsel's firm.

**DOCUMENTS**: This term is intended as a collective reference to any and all material or other tangible things containing information produced by any of the Defendants Harley-Davidson Motor Company Group, LLC, Harley-Davidson, Inc. and Harley Davidson Motor Company, Inc. (collectively referred to as "HARLEY-DAVIDSON") in response to a pre-trial discovery request in the above-captioned matter.

**DISCOVERY**: This term shall include all "documents" or other items produced by any of the HARLEY-DAVIDSON Defendants or any of their predecessors, parents or subsidiaries in the above-captioned matter in response to requests for production of documents and tangible things, deposition notices and subpoenas, interrogatories, requests for admissions and Rule 26 disclosure requirements.

## TERMS AND CONDITIONS

1.     HARLEY-DAVIDSON in producing discovery in this action that contains trade secret or other confidential research, development or commercial information of a non-public nature, may designate such discovery as **CONFIDENTIAL**.

2.     Documents to be designated confidential will be so designated by stamping each page "**CONFIDENTIAL**."  The physical labeling of any document shall not be done in any

CONFIDENTIALITY ORDER PURSUANT TO STIPULATION OF THE PARTIES

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

PDF created with pdfFactory trial version www.pdffactory.com

manner that obstructs the reading of the document or impairs the reading of the document when duplicated by a conventional duplicating process.

3.      If Plaintiffs object to the designation of a document by HARLEY-DAVIDSON as **CONFIDENTIAL**, they may apply to the Court for relief, asserting that the documents so designated do not justify the imposition of restrictions concerning their use.  Plaintiffs' application for relief shall delineate each document which Plaintiffs contend should not be treated as **CONFIDENTIAL** and the specific reasons it should not be so treated.  Unless this Court enters an Order changing the designation, the documents and information shall be treated as **CONFIDENTIAL** under the terms of this Order.  In any event, HARLEY-DAVIDSON shall allow Plaintiffs ample opportunity to explore the basis for the claim of confidentiality.  Plaintiffs reserve the option of renegotiating the structure for challenging a confidential designation as described in this paragraph with respect to future Harley-Davidson document productions.

4.      No discovery designated as **CONFIDENTIAL** shall be used or communicated by any persons receiving it for any purpose whatsoever other than the preparation of this case for trial.

5.      Any discovery designated as **CONFIDENTIAL** furnished by HARLEY-DAVIDSON to Plaintiffs shall not be given, shown, made available or otherwise communicated in any way by Plaintiffs, Plaintiffs' counsel or Plaintiffs' Paralegals or other staff to anyone other than (i) outside experts and consultants, who shall be bound by this Order not to communicate further such discovery, or (ii) the Court if required in any further proceeding herein, except as permitted by stipulation of the parties or any further order of the Court.

6.      No party shall disclose documents or other material designated **CONFIDENTIAL** to any experts not assisting in this litigation.  Disclosure shall be made to such experts only as is reasonably necessary for the prosecution of this lawsuit and only after the person to whom disclosure is to be made has been provided with a copy of this Order and has agreed to be bound by it.  Such expert or experts shall review this Confidentiality Order and execute a Written

CONFIDENTIALITY ORDER PURSUANT TO STIPULATION OF THE PARTIES

PDF created with pdfFactory trial version www.pdffactory.com

Assurance attached hereto as Exhibit A prior to reviewing documents designated as **CONFIDENTIAL**.

7. After termination of this case, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties, their attorneys and all recipients of discovery designated **CONFIDENTIAL** for the enforcement of the provisions of this Order following termination of this case, and/or to terminate all or some of the provisions of this agreement on application by any party.

8. This Order shall not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

9. No provision of this Order is intended to limit the right of any party, counsel for any party, or any recipient of discovery from seeking to modify the terms of this Order at any time in the future or from seeking relief of the restrictions imposed by this Order concerning discovery designated as **CONFIDENTIAL**.

10. This Order shall be binding upon the parties to this action, the attorneys for each party and upon any recipient of discovery designated as **CONFIDENTIAL** and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiary, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of documents covered by this Order may have control.

IT IS SO ORDERED.

Dated:  July 11, 2011

/s/ John A. Mendez_____
Honorable John A. Mendez
U.S. District Court, Eastern District of
California

CONFIDENTIALITY ORDER PURSUANT TO STIPULATION OF THE PARTIES

4

PDF created with pdfFactory trial version www.pdffactory.com

1    Approved as to form and content:

2

3    /s/ William A. Kershaw                          /s/ Peter M. Kellett
     KERSHAW, CUTTER & RATINOFF, LLP    DYKEMA GOSSETT
4    William A. Kershaw (SBN 057486)        Peter M. Kellett (*Pro hac vice*)
     Lyle W. Cook (SBN 148914)                  Paul L. Nystrom (*Pro hac vice*)
5    401 Watt Avenue                                     J. Kevin Snyder (SBN 107509)
     Sacramento, CA 95864                            Dawn N. Williams (SBN 267925)
6    Attorneys for Plaintiffs                           333 S. Grand Ave., Suite 2100
                                                                    Los Angeles, CA 90071
7                                                                  Attorneys for Defendants

8

9    /s/ Gregory James Owen
     OWEN, PATTERSON & OWEN
10   Gregory James Owen (SBN 102845)
     23822 W. Valencia Blvd., Suite 201
11   Valencia, CA 91355
     Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIALITY ORDER PURSUANT TO STIPULATION OF THE PARTIES

5

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP JOHNSON, JIMMY ALDRIDGE, RANDY VANDERMOLEN, and MATTHEW WEYUKER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>   vs.<br><br>HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, HARLEY-DAVIDSON, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS: (WISCONSIN) HARLEY-DAVIDSON, INC., HARLEY-DAVIDSON MOTOR COMPANY, INC., and DOES 1-50,<br><br>      Defendants. | Case No. 2:10-CV-02443-JAM-EFB<br><br>Honorable John A. Mendez |

_____, being first duly sworn, states that he or she resides at

_____, county of _____, state of _____;

that he or she has read and fully understands the attached Protective Order entered by the Court in the above-captioned action; that he or she is fully familiar with and agrees to comply with and be bound by the provisions of the Order and submits to the jurisdiction of this Court for any proceedings with respect to the Order; that he or she will not discuss with or divulge to persons, other than those specifically authorized by the Order, and will not copy or use, except solely for purposes of this action and for no other purposes, any information obtained pursuant to the order, except as expressly permitted by the Court.  He or she agrees to return any and all copies of Harley-Davidson's protected documents and materials in his or her possession which were produced by Harley-Davidson in this lawsuit to counsel for Plaintiffs within 15 days from the date of request by Harley-Davidson or its counsel; and further that he or she will sign a Written

CONFIDENTIALITY ORDER PURSUANT TO STIPULATION OF THE PARTIES

6

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

PDF created with pdfFactory trial version www.pdffactory.com

Verification provided by counsel for Harley-Davidson that all such protected documents and materials have been returned.

Signed:                                            Dated:


_____                    _____, 20___.


STATE OF _____)
                                                     )
COUNTY OF _____)


Subscribed and sworn to before me this
_____ day of _____, 20___.


_____
Notary Public, State of _____
My Commission expires:_____

BH01\1340625.1
ID\PLN - 107174/0001

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

CONFIDENTIALITY ORDER PURSUANT TO STIPULATION OF THE PARTIES

PDF created with pdfFactory trial version www.pdffactory.com