UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP JOHNSON, JIMMY ALDRIDGE, RANDY VANDERMOLEN, and MATTHEW WEYUKER, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No. 2:10-CV-02443 JAM-EFB |
| Plaintiffs, | ) ) ) | ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |
| v. | ) ) ) | |
| HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, HARLEY-DAVIDSON, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS: (WISCONSIN) HARLEY-DAVIDSON, INC., HARLEY-DAVIDSON MOTOR COMPANY, INC. and DOES 1-50, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendant Harley-Davidson Motor Company Group, LLC, Harley-Davidson Inc.'s ("Defendant") Motion to Dismiss (Doc. #40) the Third Amended Complaint ("TAC")(Doc. #34) filed by Plaintiffs Phillip Johnson, Jimmy Aldridge, Randy Vandermolen, and Matthew Weyuker,

1  collectively "Plaintiffs."  Plaintiffs oppose the motion (Doc.

2  #42).[1]

3

4            I.      FACTUAL AND PROCEDURAL BACKGROUND

5       Plaintiffs allege that Defendant, the largest manufacturer

6  of heavy-weight motorcycles in the world based on market share,

7  produced defective Twin Cam 88 and Twin Cam 96 motors.

8  Plaintiffs aver two defect claims: 1) since model year 1999,

9  Defendant's Twin Cam motorcycle engines have produced

10  dangerously excessive heat during normal operations and the

11  engine cooling systems designed by Defendant are inadequate to

12  safely cool the engines and 2) since model year 2006, the six-

13  speed transmissions and other related systems suffer premature

14  wear and failure.  Plaintiffs allege that Defendant has known

15  about the excessive heat defect since approximately 1999 and has

16  known about the transmission defect since approximately 2006.

17  Plaintiffs also aver that Defendant is aware of reasonable

18  alternative designs for motorcycle engines and cooling systems,

19  including those used by its competitors and those used by

20  Defendant itself in V-Rod models beginning in the 2002 model

21  year.  Finally, Plaintiffs allege that Defendant is aware of

22  reasonable alternative designs for transmissions, including

23  those used by its competitors and those used by Defendant itself

24  in C.V.O. models.

25       The TAC includes the individual claims of each named

26  plaintiff.  In short, each named plaintiff claims that he owns a

27  _____

28  [1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
for July 20, 2011.

motorcycle with a defective engine and/or transmission and has suffered economic injuries due to having the defective engine and/or transmission repaired and replaced between one and five times.  Additionally, after Plaintiffs discovered the overheating problem, Defendant's agents and representatives allegedly induced Plaintiffs to purchase plastic "heat shields" claiming that they would resolve the overheating issue.

Plaintiffs also allege physical injuries in the form of burns on their legs.  They aver that the economic and physical injuries are a result of the defective engine and/or transmission in Defendant's motorcycles.

Plaintiff Philip Johnson commenced this action on September 10, 2010.  On October 1, 2010, Plaintiff filed a First Amended Complaint joining Jimmy Aldridge and Randy Vandermolen as plaintiffs and bringing claims on behalf of a class of similarly situated Harley-Davidson owners.  On December 10, 2010, pursuant to a stipulation of the parties, Plaintiffs filed a Second Amended Complaint joining Matthew Weyuker as a plaintiff.  On April 29, 2011, pursuant to a stipulation of the parties, Plaintiffs filed a Third Amended Complaint, naming the correct Harley Davidson entity as defendant.  It is this Third Amended Complaint that is the subject of Defendant's instant motion to dismiss.

Plaintiffs bring this suit as a class action alleging six causes of action: 1) Strict products liability; 2) Violations of California Business and Professional Code §§ 17200 ("UCL") for committing unfair, unlawful, and fraudulent business practices; 3) Violations of the breach of express and implied warranty;

1  4) Negligence; 5) Unjust enrichment; and 6) Violations of the

2  Consumers Legal Remedies Act, California Civil Code §§ 1750 et

3  seq. ("CLRA").  This Court has original jurisdiction over this

4  action pursuant to 28 U.S.C. § 1332(a)(1) and independent

5  jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

6

7                       II.    OPINION

8      A.    Legal Standard

9          1.    Motion to Dismiss

10      A party may move to dismiss an action for failure to state

11  a claim upon which relief can be granted pursuant to Federal

12  Rules of Civil Procedure 12(b)(6).  In considering a motion to

13  dismiss, the court must accept the allegations in the complaint

14  as true and draw all reasonable inferences in favor of the

15  plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975),

16  overruled on other grounds by Davis v. Scherer, 468 U.S. 183

17  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

18  are mere "legal conclusions," however, are not entitled to the

19  assumption of truth.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950

20  (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

21  (2007).  To survive a motion to dismiss, a plaintiff needs to

22  plead "enough facts to state a claim to relief that is plausible

23  on its face."  Twombly, 550 U.S. at 570.  Dismissal is

24  appropriate where the plaintiff fails to state a claim

25  supportable by a cognizable legal theory.  Balistreri v.

26  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

27      Upon granting a motion to dismiss for failure to state a

28  claim, the court has discretion to allow leave to amend the

4

1   complaint pursuant to Federal Rules of Civil Procedure 15(a).

2   "Dismissal with prejudice and without leave to amend is not

3   appropriate unless it is clear . . . that the complaint could

4   not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

5   Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

6        B.   Claims for Relief

7             1.   UCL Pleading

8        Defendant argues that Plaintiffs' UCL claims (Claim 2) fail

9   to satisfy federal pleading requirements under Federal Rules of

10  Civil Procedure 8(a) and 9(b) because they are plain recitations

11  of the elements and they fall short of the specificity required

12  under Rule 9(b).  Plaintiffs respond that as long as they plead

13  facts sufficient to support either their lawful, unfair, or

14  fraudulent theories of liability under the UCL, their Complaint

15  should survive a motion to dismiss.  They also argue that the

16  TAC recites the material facts necessary to support allegations

17  that Defendant's conduct is unlawful and unfair under the UCL.

18       Each prong of the UCL is a separate and distinct theory of

19  liability.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th

20  Cir. 2009).  Rule 9(b)'s heightened pleading requirements apply

21  to claims for violations of the UCL.  Id. at 1125.

22       While fraud is not a necessary element of a claim
         under the . . . UCL, a plaintiff may nonetheless
23       allege that the defendant engaged in fraudulent
         conduct.  A plaintiff may allege a unified course of
24       fraudulent conduct and rely entirely on that course of
         conduct as the basis of that claim.  In that event,
25       the claim is said to be 'grounded in fraud' or to
         'sound in fraud,' and the pleading ... as a whole must
26       satisfy the particularity requirement of Rule 9(b).
         Id. (internal citations omitted).

27

28  Because all of Plaintiffs' UCL allegations are based on

Defendant' alleged failure to disclose known defects and that it misrepresented the dangers of the motorcycles to Plaintiffs, the UCL claims sound in fraud and must meet Rule 9(b)'s heightened pleading standard.

Plaintiffs' allegations that Defendant committed fraudulent and unfair business practices are sufficient.  The gravamen of Plaintiffs' factual allegations is that Defendant defectively designed and manufactured motorcycles – the engines produced excessive heat and the transmissions prematurely failed – and then marketed and sold those motorcycles to Plaintiffs and the class.  Plaintiffs claim Defendant knew about these defects and injuries since approximately 1999 and rather than correct the defects and/or warn consumers of them, Defendant continued to produce the defective motorcycles knowing about the overheating and transmission defects and failing to inform consumers of such material defects and actively concealing such defects. Plaintiffs allege that the defectively designed motorcycles caused both economic and physical injuries, including burns, to Plaintiffs and the class.

While it would have been preferable for Plaintiffs to provide more details concerning the identity of the people who made the misrepresentations, the time and place of the misrepresentations, and the method by which the misrepresentations were communicated, Plaintiffs "set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997). Plaintiffs provide enough facts for their unfair and fraudulent business practice claims "to give defendants notice of the

1  particular misconduct . . . so that they can defend against the

2  charge and not just deny that they have done anything wrong."

3  <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)

4  (internal quotations omitted); <u>see also</u> <u>Kearns</u>, 567 F.3d at 1125

5  (One of the purposes of Rule 9(b) is "to provide defendants with

6  adequate notice to allow them to defend the charge . . .").

7       Plaintiffs' unlawful conduct claim, however, requires

8  amendment.  "An 'unlawful' business activity includes <u>anything</u>

9  that can properly be called a business practice and that at the

10  same time is forbidden by law."  <u>Smith v. State Farm Mutual</u>

11  <u>Automobile Insurance Co.</u>, 93 Cal.App.4th 700, 718 (Cal.App.Ct.2d

12  2001) (internal citations omitted).  The TAC is unclear which

13  laws are relied upon by Plaintiffs.  Plaintiffs merely allege

14  that Defendant violates California statutory and common law.

15  TAC ¶ 68(a).

16       Accordingly, Defendant's Motion to Dismiss Plaintiffs' UCL

17  claims is DENIED for the unfair and fraudulent business

18  practices claims and is GRANTED WITH LEAVE TO AMEND concerning

19  the unlawful conduct claim.

20            2.   <u>CLRA Claim</u>

21       Defendant argues that Plaintiffs' CLRA claim (Claim 6)

22  fails because it does not satisfy the heightened pleading

23  requirements.  Defendant additionally contends that Phillip

24  Johnson ("Johnson"), Jimmy Aldridge ("Aldridge"), and Randy

25  Vandermolen's ("Vandermolen") CLRA claims are time-barred due to

26  the three-year statute of limitations.  Plaintiffs respond that

27  they have pled enough facts demonstrating that Defendant failed

28  to disclose a material defect in violation of the CLRA and that

the statute of limitations period began to run when Plaintiffs

Johnson, Aldridge, and Vandermolen knew or should have known of

the violation.

a.   CLRA Pleading

The CLRA prohibits "unfair methods of competition and

unfair or deceptive acts or practices undertaken by any person

in a transaction intended to result or which results in the sale

. . . of goods or services to any consumer."  Cal. Civ. Code

§ 1770(a).  Rule 9(b)'s heightened pleading standards apply to

claims for violations of the CLRA.  Kearns, 567 F.3d at 1125.

As discussed supra, Plaintiffs' TAC has been pled with

sufficient specificity to meet the Rule 9(b) pleading

requirements.

In their Opposition, Plaintiffs rely on Falk v. General

Motors Corp., 496 F.Supp.2d 1088 ((N.D. Cal. 2007) to support

their argument that they sufficiently state a claim under the

CLRA because Defendant failed to disclose a material defect and

that Defendant was obliged to disclose the defect.  See Falk,

496 F.Supp.2d at 1094.  A failure to disclose can constitute

actionable fraud in four circumstances:

> (1) when the defendant is in a fiduciary relationship
> with the plaintiff; (2) when the defendant had
> exclusive knowledge of material facts not known to the
> plaintiff; (3) when the defendant actively conceals a
> material fact from the plaintiff; and (4) when the
> defendant makes partial representations but also
> suppresses some material fact.

Id. at 1094-95, quoting LiMandri v. Judkins, 52 Cal.App.4th 326,

337 (Cal.App.Ct.4d 1997).

Plaintiffs base their CLRA claim on the allegation that the

engine defect is material and that Defendant had a duty to disclose that defect.  Plaintiffs sufficiently allege that the engine defect is material because a reasonable consumer would change his behavior if he knew that the engine heat can cause burns and that the transmission would require numerous repairs or replacements.  See Id. at 1095 ("[F]or non-disclosed information to be material, a plaintiff must show that had the omitted information been disclosed, one would have been aware of it and behaved differently.") (internal citations omitted).

Plaintiffs also adequately allege that Defendant had exclusive knowledge of the alleged defect or that it actively concealed the material defects.  A duty to disclose exists "when the defendant had exclusive knowledge of material facts not known to the plaintiff." Id. at 1096.  In Falk, the plaintiffs alleged that General Motors ("GM") had exclusive knowledge of the defect because "only GM had access to the aggregate data from its dealers, only GM had access to pre-release testing data, and only GM had access to the numerous complaints from its customers." Id.  Though Plaintiffs lack the specific allegations proffered in Falk, Plaintiffs allege enough facts to survive the instant motion.  Plaintiffs claim that Defendant knew of the excessive engine heat defect as early as 1999 and of the transmission defect as early as 2006.  Plaintiffs discovered the excessive heat and transmission defects after purchasing the motorcycles.  Since Defendant was in a superior position to know of its defective engines, Plaintiffs properly allege that Defendant had exclusive knowledge of material facts not known to Plaintiffs.

1    Similarly, Plaintiffs' active concealment argument is

2    sufficient.  To state a claim for active concealment, a

3    plaintiff must plead the following five elements:

> (1) the defendant must have concealed or suppressed a
> material fact, (2) the defendant must have been under
> a duty to disclose the fact to the plaintiff, (3) the
> defendant must have intentionally concealed or
> suppressed the fact with the intent to defraud the
> plaintiff, (4) the plaintiff must have been unaware of
> the fact and would not have acted as he did if he had
> known of the concealed or suppressed fact, and (5) as
> a result of the concealment or suppression of the
> fact, the plaintiff must have sustained damage.

10   _Falk_, at 1097, quoting _Lovejoy v. AT&T Corp._, 119

11   Cal.App.4th 151, 157 (Cal.App.Ct.3d 2004).

12   The plaintiffs in _Falk_ alleged active concealment by

13   averring that GM had received numerous customer complaints, yet

14   did not notify other customers or effect a recall and that when

15   GM replaced defective speedometers, they used equally defective

16   speedometers to create the illusion that the broken ones were

17   unique cases.  _Id._  Here, Plaintiffs allege that Defendant knew

18   of the defects and that at least two of the Plaintiffs

19   complained of the overheating issue.  Plaintiffs allege that

20   Defendant's agents recommended that Plaintiffs purchase

21   additional parts, including plastic "heat shields" and different

22   exhaust pipes, based on misrepresentations that the additional

23   parts would alleviate the excessive engine heat defect.  Like in

24   _Falk_, Plaintiffs allege that when Plaintiffs brought their

25   motorcycles in for repair, replacement, or rebuilding of

26   prematurely failing transmissions, Defendant replaced the

27   defective parts with equally defective parts, such that the

28   defect was not corrected, even though Defendant and its agents

1   represented to Plaintiffs that it was corrected.  Plaintiffs

2   claim that this resulted in two of the Plaintiffs having their

3   transmissions repaired, replaced, or rebuilt four and five times

4   respectively.  Thus, Plaintiffs properly allege their CLRA claim

5   and Defendant's Motion to Dismiss Plaintiffs' CLRA claim for

6   failure to satisfy federal pleading requirements is DENIED.

7                      b.    Time-Bar

8         Defendant argues that Plaintiffs Johnson, Aldridge and

9   Vandermelon's CLRA claims are premised upon Defendant's alleged

10  misrepresentations during the time of sale.  Plaintiff Johnson

11  alleges that he purchased his motorcycle in or around August of

12  2007 and Plaintiffs Aldridge and Vandermolen allege they

13  purchased their motorcycles in or around 2007.  Plaintiff

14  Johnson filed the lawsuit on September 10, 2010; Plaintiffs

15  Aldridge and Vandermolen joined the lawsuit on October 1, 2010.

16  Defendant argues that Plaintiffs failed to file their lawsuit

17  within the CLRA's three year statute of limitations and that the

18  Court should not apply the delayed discovery exception to

19  Plaintiffs' CLRA claims.  Plaintiffs counter that the CLRA's

20  statute of limitations runs from the time Plaintiffs knew or

21  should have known about the alleged defects.  Plaintiffs argue

22  that since they could not have discovered facts that would put

23  them on notice of the defective transmission until they had to

24  have the transmission repaired, rebuilt, or replaced, Plaintiffs

25  could not have been aware of the defective transmission at the

26  time of sale and could not have filed a suit about unknown

27  defects on the day they bought their motorcycles.

28        The CLRA provides that actions "shall be commenced not more

11

than three years from the date of the commission of such method, act or practice" made unlawful by the act.  Cal. Civ. Code § 1783.  This statute of limitations runs "from the time a reasonable person would have discovered the basis for a claim." Chamberlan v. Ford Motor Co., 369 F.Supp.2d 1138, 1148 (N.D. Cal. 2005), quoting Mass. Mutual Life Insurance Co. v. Superior Court, 97 Cal.App.4th 1282, 1295 (Cal.App.Ct.4d 2002).

Defendant's argument concerning the application of the "delayed discovery rule" is not persuasive.  Defendant relies on Purdum v. Holmes, 187 Cal.App.4th 916, 924 (Cal.Ct.App.2d 2010) in which the California Court of Appeal held that the plaintiff's claim was time-barred.  Purdam, however, is not applicable.  The Purdam court held that the action before it was time-barred under a statute not relevant to this case. Furthermore, it does not invalidate the reasonable person standard set out in Chamberlan, 369 F.Supp.2d at 1148.  The Purdam court merely opines that it is unsettled whether the Chamberlan standard applies to UCL claims.

This Court will apply the Chamberlan standard in the case at bar. Here, Plaintiffs Johnson, Aldridge and Vandermelon allege that they did not discover, and could not have been reasonably expected to discover, facts that would put them on notice of the excessive engine heat until, at the earliest, sometime after the initial purchase when they began experiencing the excessive heat as a result of the defect.  Given that Plaintiffs Johnson, Aldridge, and Vandermelon allege they purchased their motorcycles in 2007, and that Johnson filed suit in September 2010 and Aldridge and Vandermelon joined the

1   lawsuit in October 2010, it is unclear whether their claims fall

2   within the three year statute of limitations period.

3        Plaintiffs must amend their Complaint to provide more

4   specificity concerning when they discovered the purported

5   defects.  Plaintiffs must specifically plead facts which show

6   (1) the time and manner of discovery and (2) the inability to

7   have made earlier discovery despite reasonable diligence.  Yumul

8   v. Smart Balance, Inc., 733 F.Supp.2d 1117, 1130-31 (C.D. Cal.

9   2010) (internal citations omitted).  Accordingly, Defendant's

10  Motion to Dismiss Plaintiffs Johnson, Aldridge, and

11  Vandermolen's CLRA claims is GRANTED WITH LEAVE TO AMEND.

12              3.   Unjust Enrichment

13       Defendant argues that unjust enrichment (Claim 5) is not an

14  independent cause of action and fails as a matter of law.

15  Plaintiffs respond that unjust enrichment is a proper

16  alternative theory of recovery to contract claims.  Plaintiffs

17  admit that unjust enrichment depends upon the viability of their

18  other claims, but argue that since they successfully pled claims

19  for strict products liability, unfair competition, negligent

20  design, breach of warranty, and violations of the CLRA, their

21  unjust enrichment claim should survive as an alternative theory

22  of recovery.

23       To plead a claim for unjust enrichment, a plaintiff must

24  allege a receipt of a benefit and unjust retention of the

25  benefit at the expense of another."  Sanders v. Apple, Inc., 672

26  F.Supp.2d 978, 989 (N.D. Cal. 2009).  Plaintiffs properly allege

27  that "Defendants' retention of some or all of the monies they

28  gained through their wrongful acts and practices would be

                              13

1 | unjust."  TAC ¶ 92.

2 |      Unjust enrichment, however, is not a separate cause of

3 | action, but depends upon the viability of the other claims.

4 | Sanders, 673 F.Supp.2d at 989.  Since Plaintiffs plead viable

5 | claims for strict products liability, unfair business practices,

6 | fraudulent business practices, negligent design, breach of

7 | warranty, and violations of the CLRA, the unjust enrichment

8 | claim survives as an alternative theory of recovery.

9 | Accordingly, Defendant' Motion to Dismiss the unjust enrichment

10 | claim is DENIED.

11 |

12 |                III.    ORDER

13 |     For the reasons set forth above,

14 |     Defendant's Motion to Dismiss Plaintiffs' Second Claim for

15 | Relief alleging fraudulent and unfair business practices under

16 | the UCL is DENIED.

17 |     Defendant's Motion to Dismiss Plaintiffs' Second Claim for

18 | Relief alleging unlawful business practices under the UCL is

19 | GRANTED WITH LEAVE TO AMEND.

20 |     Defendant's Motion to Dismiss Plaintiffs' Sixth Claim for

21 | Relief alleging violations of the CLRA based on failure to state

22 | a claim is DENIED.

23 |     Defendant's Motion to Dismiss Plaintiffs Johnson, Aldridge,

24 | and Vandermolen's CLRA claims based on the statute of

25 | limitations is GRANTED WITH LEAVE TO AMEND.

26 |     Defendant' Motion to Dismiss Plaintiffs' Fifth Claim for

27 | Relief alleging unjust enrichment is DENIED.

28 |     Plaintiffs shall file their Fourth Amended Complaint within

1  twenty (20) days of the date of this Order.

2

3       IT IS SO ORDERED.

4

5  Dated: July 21, 2011

6                                    JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28